UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERTO CHOC CHE,

Petitioner,

v.

WARDEN et al.,

Respondents.

No.  2:26-cv-00770-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On March 9, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On March 10, 2026, the court issued an order directing respondents to file an opposition to the pending motion in which they "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 4.)  On March 10, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 6.)

Respondents have indicated therein that "[t]here are no significant factual or legal issues in this case that materially distinguish it from this Court's prior Orders in *Ayala Cajina v.*

1

*Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court." (*Id.* at 1.)  Respondents further argue that this case is "not materially distinguishable from *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1-10 (5th Cir. Feb. 6, 2026), and urge the Court to adopt the reasoning in *Buenrostro-Mendez*." (*Id.* at 1.)  Respondents have also indicated that they "are amenable to the Court ruling on the underlying petition for writ *of habeas corpus*" based upon the briefing currently before it.  (*Id.*)

Petitioner is a native and citizen of Guatemala who entered the United States on or about April 16, 2022.[1]  (Doc. No. 1 at ¶ 4.)  He continued to reside in the United States until January 30, 2026 where law enforcement stopped him during a traffic-related incident, took petitioner into custody, and transferred him into the custody of Immigration and Customs Enforcement.  (Doc. No. ¶¶ 6–7.)  Petitioner contends that he has no criminal history (*Id.* at ¶ 3), and argues that he was not charged with a crime for the traffic-related incident that resulted in his current detention. (Doc. No. 2 at 2.)

The court has recently explained why it finds the reasoning of the majority in *Buenrostro - Mendez* to be unpersuasive.  *See Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (Feb. 12, 2026).  The court incorporates that same reasoning here.  Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as

follows:

/////

---

[1]  While respondents appear to concede that petitioner was previously released from immigration custody, they contend that "[p]etitioner's prior release in the discretion of DHS does not have the effect of having converted petitioner's presence in the United States into an 'admission.'" (*Id.* at 2.)  Petitioner does not allege any facts surrounding the circumstances of his initial entry into the United States.

       a.    Respondents are ORDERED to immediately release petitioner from respondents' custody;

       b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence.

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is denied as having been rendered moot by this order granting habeas relief; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 11, 2026**                         
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3